UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:98-cr-163-1

v                                           HON. JANET T. NEFF

YUSEF LATEEF PHILLIPS,

        Defendant.

_____/

**OPINION**

Pending before the Court is the government's April 15, 2009 Motion for Sentence Reduction Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Court has reviewed the motion and finds a formal hearing unnecessary. FED. R. CRIM. P. 43(b)(4).

On November 18, 1998, pursuant to a written plea agreement, defendant pleaded guilty to a drug conspiracy count carrying a minimum sentence of 10 years in prison and a maximum sentence of life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Under the United States Sentencing Guidelines (U.S.S.G.), defendant was originally scored at a Total Offense Level of 41 and a Criminal History Category I, yielding a Guideline range for imprisonment of 324 to 405 months. The government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 based on defendant's presentence assistance. On March 8, 1999, then United States District Court Judge David W. McKeague granted a 5-level downward departure, yielding a new Guideline range for imprisonment of 168 to 210 months. Judge McKeague sentenced defendant to a term of imprisonment of 180 months.

More than one year later on November 21, 2000, the government filed a sentence reduction motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, seeking a 1-level reduction to a Total Offense Level of 34 and a new Guideline range of 151 to 168 months (Dkt 53). The government represents that its first Rule 35(b) motion was based on defendant's February 2000 testimony in the trial of Jimmy Ray Valentine and others. *See United States v. Butler et al.,* 1:99-cr-001. On February 12, 2002, Judge McKeague granted the government's motion to reduce defendant's sentence, amending and reducing defendant's original sentence to a term of imprisonment to 162 months (Dkt 58).

The government now moves for a 12-to-18-month sentence reduction (the equivalent of an additional 1-level downward departure) from defendant's 162-month sentence based on defendant's continued cooperation. Specifically, the government bases the motion at bar on defendant's substantial assistance to the United States Attorney's Office in the successful prosecution of Tremayne Lee in 2007 and three members of the Bishop Boyz street gang – Anthony Lloyd, Tyrone Hitchcock, and Reginald Bland – in 2007 and 2008.

FED. R. CRIM. P. 35(b)(2) provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: ... (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing...."

Rule 35 motions are governed by the same substantial assistance factors considered under United States Sentencing Guideline § 5K1.1. See *United States v. Moran,* 325 F.3d 790, 793 (6th Cir. 2003). The only practical difference is one of timing. Rule 35(b) allows the government to move for a

reduction in sentence based on substantial assistance to the government after sentencing, and U.S.S.G. § 5K1.1 provides for a similar motion based on substantial assistance before sentencing. *Moran, supra.*

The § 5K1.1 factors are the following: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered; (2) the truthfulness, completeness and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and (5) the timeliness of the defendant's assistance.

Upon review of defendant's continued assistance to the government, the Court finds that each factor is present in this case in some degree and that a second reduction of his sentence is warranted. Defendant provided assistance in several ways since the time his sentence was last reduced. First, in April 2007, the information defendant provided investigators in 1998 and 1999 was provided to the grand jury that returned an indictment against Lee. Mot. at 3. The government describes Lee as a "notorious Benton Harbor cocaine and heroin supplier." *Id.* The government opines that "[t]he potential strength of Defendant Phillips' expected testimony regarding Tremayne Lee was a factor in Lee's decision to plead guilty and cooperate with law enforcement." *Id.*

Defendant's information was also provided to the grand jury in November 2007 before it returned a superseding indictment adding three new defendants, including Hitchcock, and, based in part on defendant's information, expanded the beginning date of the conspiracy. The government opines that based in part on the potential strength of the expected testimony from defendant and others, Hitchcock pled guilty in January 2007 and Bland pled guilty in early April 2008. The government also represents that defendant was willing to testify at Lloyd's April 2008 trial.

After considering the § 5K1.1 factors and the extent of defendant's assistance, the Court has determined to grant the government's motion and reduce defendant's sentence by an additional fifteen (15) months. An Order in accordance with this Opinion shall issue.


Dated:  May 1, 2009                                          /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                              Case No. 1:98-cr-163-1

v                                                        HON. JANET T. NEFF

YUSEF LATEEF PHILLIPS,

    Defendant.

_____/

**ORDER**

**IT IS HEREBY ORDERED** that the Motion for Sentence Reduction Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (Dkt 92) is GRANTED, and defendant's term of imprisonment is reduced by fifteen (15) months.

**IT IS FURTHER ORDERED** that the conditions of supervised release are amended to include a condition that the defendant reside for a period of three (3) months in a half-way house type facility with work release privileges.

An Amended Judgment of Sentence in accordance with this Order shall issue.

Dated: May 1, 2009                                                /s/ Janet T. Neff
                                                                        JANET T. NEFF
                                                                        United States District Judge